IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jimmy Forrest, Matt Forrest, and Clark Forrest, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 8:09-596-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| Dow AgroSciences, LLC, and Billy Daniel, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' motion to remand. Upon due consideration, and for the reasons set forth herein, Plaintiffs' motion is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action arising from alleged damages to Plaintiffs' peach orchard. In an attempt to eradicate nematodes on the property, Plaintiffs sought advice on a chemical product that would rectify the problem from Billy Daniel ("Daniel"), an employee of Dow AgroSciences, LLC ("Dow") (collectively, "Defendants"). (Am. Compl. ¶ 11.) Daniel recommended a product, "Telone," and instructed Plaintiffs on how to apply the product to the peach orchard. (Id. ¶¶ 12-14.) After applying Telone as instructed, all the peach trees died. (Id. ¶ 17.)

Plaintiffs filed a complaint against Defendants on January 23, 2009. Defendants removed the case on March 9, 2009, pursuant to 28 U.S.C. § 1441(a) alleging that "the action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332." (Notice of Removal ¶ 5.) Plaintiffs are citizens and residents of South Carolina. (Am. Compl. ¶ 1.) Dow is a foreign limited liability company with its members located in Michigan and Indiana. (Notice of Removal ¶ 7.) Daniel, like Plaintiffs, is a citizen of South Carolina. (Id. ¶ 8.) Hence, complete

diversity is lacking between all parties.

Defendants argue that Plaintiffs fraudulently joined Daniel "for the sole purpose of destroying diversity jurisdiction between the parties" and therefore Daniel's citizenship "should be disregarded for purposes of determining the diversity jurisdiction of this Court." (Id.) Plaintiffs contend, however, that their claim against Daniel is legitimate because Daniel "recommended [that Plaintiffs] use Telone . . . . [H]e told [Plaintiffs] how to apply the Telone on their property . . . . He recommended [Plaintiffs] use it without tilling the soil" and as a result of following Daniel's advice, Plaintiffs' "peach trees died of Telone poisoning." (Pls.' Mem. Supp. Mot. Remand 3.)

## II. DISCUSSION OF THE LAW

### A. Removal

Defendants argue that the court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. A case that has been removed "is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." Brown v. Eastern States Corp., 181 F.2d 26, 28-29 (4th Cir. 1950). However, the court is "obligated to construe removal jurisdiction strictly because of the significant federalism concerns implicated. Therefore, [i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 118 (4th Cir. 2004) (internal quotation marks omitted); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (explaining that "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction" (internal quotation marks omitted)).

**B. Diversity Jurisdiction and Fraudulent Joinder**

Plaintiffs and Daniel are citizens of South Carolina. Defendants allege that the court has diversity jurisdiction despite Daniels' citizenship because Plaintiffs fraudulently joined Daniel as a defendant. "The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). "Under this doctrine, a district court can assume jurisdiction over a case even if . . . there are nondiverse named defendants at the time the case is removed, . . . dismiss the nondiverse defendant[s], and thereby retain jurisdiction." Id.

"To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley, 187 F.3d at 424 (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden–it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. Therefore, Defendants must show that Plaintiffs have no "possibility of recovery" on any of the claims against Daniel. Defendants argue that Plaintiffs cannot recover against Daniel because Dow is "vicariously liable in any event" for "Daniel acting in the course and scope of his employment with [Dow]." (Notice of Removal ¶ 21.)

Plaintiffs' first cause of action against Defendants is for negligent misrepresentation. To establish liability for negligent misrepresentation, Plaintiffs must show

> (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff;

> (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.

Sauner v. Pub. Serv. Auth. of South Carolina, 581 S.E.2d 161, 166 (S.C. 2003) (internal quotation marks omitted). Although Daniel made representations to Plaintiffs while acting within the scope of his employment, "the settled rule in this jurisdiction is that the identification of the master and servant is so complete that a joint action is maintainable against the two, even though the liability of the master rests upon the principle of respondeat superior." Cravens v. Lawrence, 186 S.E. 269, 271 (S.C. 1936). "[L]iability of master and servant for the wilful tort, *or for the negligence* of the servant while acting for the master within the scope of his employment, [is] both joint and several." Id. (internal quotation marks omitted and emphasis added).

Hence, "[a]n agent's liability for his own tortious acts is unaffected by the fact that he acted in his representative capacity." Lawlor v. Scheper, 101 S.E.2d 269, 271 (S.C. 1957). Accordingly, the court is unable to conclude that Plaintiffs cannot establish a claim against Daniel under the facts of this case. Based on the foregoing, the court finds that Daniel was not fraudulently joined as a Defendant in this case. Therefore, because the court lacks subject matter jurisdiction over this action, the Plaintiffs' motion to remand is granted.

Therefore, it is

**ORDERED** that the Plaintiffs' motion to remand, docket number 7, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Edgefield County, South Carolina.

**IT IS SO ORDERED.**

                                               s/Henry M. Herlong, Jr.
                                               United States District Judge

Greenville, South Carolina

April 27, 2009